IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PITTSBURGH DIVISION

| | |
|---|---|
| BLAIR DOUGLASS, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WHITESTONE HOME FURNISHINGS, LLC d/b/a SAATVA,<br><br>Defendant. | Civil Action No. 2:25-cv-00460-DSC |

**ORDER GRANTING PLAINTIFF'S MOTION FOR
CERTIFICATION OF THE SETTLEMENT CLASS AND
FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT**

Now pending before the Court is Plaintiff's Motion For Certification Of The Settlement Class And Final Approval Of The Class Action Settlement.

On May 2, 2025, the Court preliminarily approved the proposed class action settlement set forth in the Agreement,[1] (Docs. 9-1), directed that notice of the Agreement be given to the Settlement Class, and preliminarily certified the following Settlement Class:

> [A] national class of individuals who are Blind and/or who have a Visual Disability and who use Appropriate Auxiliary Aids and Services to navigate digital content and who have accessed, attempted to access, or been deterred from attempting to access, or who will access, attempt to access, or be deterred from attempting to access, https://www.saatva.com/ from the United States.

(Doc. 13, ¶ 3.)

---

[1] Unless otherwise defined herein, all capitalized terms shall have the meaning set forth in the settlement agreement, which is attached hereto as Order Exhibit A.

1

The Court held a final fairness hearing on September 11, 2025 to consider: whether the terms of the Agreement are fair, reasonable, and adequate, such that the Agreement should be finally approved pursuant to Fed. R. Civ. P. 23(e)(2); whether reasonable notice of the Agreement was given to the Settlement Class pursuant to Fed. R. Civ. P. 23(e)(1)(B) and (c)(2)(A); and whether the Settlement Class should be certified pursuant to Fed. R. Civ. P. 23(a) and (b)(2).

Having carefully considered Plaintiff's motion and all accompanying documents, including the Agreement, as well as the relevant legal authority, the Court hereby grants final approval of the Agreement and certification of the Settlement Class as set forth below.

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1. The Court has personal jurisdiction over the Parties, venue is proper, and the Court has subject matter jurisdiction to approve the Agreement, including all exhibits thereto, to enter this Final Approval Order.

2. The Agreement was negotiated at arm's length by experienced counsel and parties who were fully informed of the strengths and weaknesses of their respective positions. The Agreement was reached after the Parties engaged in extensive settlement discussions. Counsel for the Parties were thus well-positioned to evaluate the benefits of the Agreement, taking into account the expense, risk, and uncertainty of protracted litigation.

3. The Court finds that the terms of the Agreement are fair, reasonable, and adequate in all respects. As a result, the Court grants full and final approval of the Agreement pursuant to Fed. R. Civ. P. 23(e).

4. The Court finds that notice of the Agreement, as provided: (i) was directed in a reasonable manner to the Settlement Class Members; (ii) was reasonably calculated to apprise the Settlement Class Members of, *inter alia*, the pendency of the Lawsuit, the nature and terms of the

proposed settlement, their right to object to the proposed settlement, and their right to appear at the final fairness hearing; (iii) constituted due, appropriate, and adequate notice to all persons entitled to be given notice; and (iv) complied fully with the requirements of Fed. R. Civ. P. 23, the United States Constitution, the Rules of this Court, and any other applicable law or rule.

5. The Parties are hereby directed to implement the Agreement according to its terms.

6. The Settlement Class is hereby certified pursuant to Fed. R. Civ. P. 23(a) and (b)(2) for purposes of settlement. The Settlement Class is defined as:

> [A] national class of individuals who are Blind and/or who have a Visual Disability and who use Appropriate Auxiliary Aids and Services to navigate digital content and who have accessed, attempted to access, or been deterred from attempting to access, or who will access, attempt to access, or be deterred from attempting to access, https://www.saatva.com/ from the United States.

7. The Court finds that Plaintiff Blair Douglass will fairly and adequately protect the interests of the Settlement Class. As a result, the Court appoints and designates Mr. Douglass as representative of the Settlement Class.

8. The Court finds Kevin Tucker, Kevin Abramowicz, Stephanie Moore, Chandler Steiger, Kayla Conahan, and Jessica Liu of East End Trial Group LLC are experienced and competent class action counsel who fairly and adequately protected the interests of the putative class throughout this litigation and appoints them as Class Counsel for the Settlement Class.

9. Upon entry of this Final Approval Order, the Injunctive Releasing Parties shall fully and finally release, acquit, and discharge Defendant from the Released Injunctive Claims as set forth in the Agreement. Pursuant to this release, Plaintiff and the Settlement Class Members shall not bring any claims concerning the Accessibility of the Digital Properties during the Agreement Term. Notwithstanding this release, Plaintiff and the Settlement Class Members may fully utilize the Dispute Resolution Procedure during the Agreement Term. Plaintiff and all Settlement Class

Members are, from this day forward, hereby enjoined from asserting any Released Injunctive Claims through the Agreement Term.

10. The Parties shall move to dismiss the Lawsuit with prejudice pursuant to Rule 41 of the Federal Rules of Civil Procedure no later than forty-five (45) days following the date of Final Approval and Defendant's payment of fees pursuant to the Agreement, whichever occurs later. Pursuant to *Kokkonen v. Guardian Life Ins. Co. of Am*., 511 U.S. 375 (1994), the Parties' joint motion shall request that the Court's dismissal order expressly retain the Court's jurisdiction to enforce this Agreement against all Parties.

Entered and Ordered this 11th day of September, 2025.

                              IT IS HEREBY ORDERED

                              s/David Stewart Cercone
                              David Stewart Cercone
                              Senior U.S. District Court Judge